UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00005-GNS

JAMES E. EDWARDS                                                                                   PETITIONER

v.

AARON SMITH, WARDEN                                                                          RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objection (DN 17) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 16). For the following reasons, Magistrate Judge Brennenstuhl's R&R is **ADOPTED** and Edwards' objection is **OVERRULED**.

### I.     BACKGROUND

On April 14, 2004, a Barren Circuit Court jury found Petitioner James E. Edwards ("Edwards") guilty of four criminal charges: two counts each of Sodomy in the 1st Degree and Sexual Abuse in the 1st Degree. (Resp't's Resp. to Pet. for Writ of Habeas Corpus Ex. 2, at 3, DN 14-3 [hereinafter State Ct. R.]). Edwards was sentenced to twenty years each for the two counts of sodomy and five years each for the two counts of sexual abuse, for a total sentence of fifty years to be served consecutively. (Pet'r's Writ of Habeas Corpus Pet. Ex. 1, at 3, DN 1-1 [hereinafter Pet'r's Mem. in Supp.]). The events giving rise to Edwards' conviction were alleged sexual acts with his step-daughter, a minor under twelve. (State Ct. R. 40). Edwards appealed his

conviction as a matter of right directly to the Kentucky Supreme Court. (Pet'r's Mem. in Supp. 2); *See Edwards v. Commonwealth*, No. 2004-SC-0649-MR, 2005 WL 1412455, at *1 (Ky. June 16, 2005). On appeal, Edwards argued that the jury was not presented sufficient evidence to find him guilty, thus the trial court committed reversible error by failing to deny his motion for a directed verdict. *Id.* at *1. The Kentucky Supreme Court disagreed and affirmed his conviction on June 16, 2005. *Id.* at *3.

On December 8, 2005, Edwards filed a motion to vacate his conviction under Kentucky Rule of Criminal Procedure ("RCr") 11.42 in Barren Circuit Court. (State Ct. R. 45). On April 19, 2011, the trial court issued an order dismissing certain claims on the merits and ordering an evidentiary hearing on others. (State Ct. R. 134). Four issues were addressed at the evidentiary hearing, all regarding whether Edwards' trial counsel was ineffective for calling certain witnesses and failing to object to certain testimony. (State Ct. R. 134). The trial court issued a final order denying all claims on July 6, 2011. (State Ct. R. 136).

Edwards appealed some of the issues that were denied in his RCr 11.42 motion to the Kentucky Court of Appeals. (State Ct. R. 138). Edwards now relies on both the issues that were appealed and some that were not raised on appeal as grounds in support of his habeas corpus petition. (Pet). On October 31, 2014, the Kentucky Court of Appeals denied all claims presented by Edwards on their merits. (State Ct. R. 218); *Edwards v. Commonwealth*, No. 2011-CA-001314-MR, 2014 WL 5489355, at *3 (Ky. App. Oct. 31, 2014), *reh'g denied* (Dec. 17, 2014).

On January 1, 2016, Edwards filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Pet. for Writ of Habeas Corpus, DN 1 [hereinafter Pet.]). In the Petition, Edwards raised six arguments for relief: (1) the Barren Circuit Court erred in not directing a verdict of acquittal in Edwards' favor; (2) his trial counsel was ineffective because he failed "to

2

exploit important discrepancies between the juror's [sic]" and failed "to offer adequate arguments for relevance of the importance of the doctor's testimony that testified that after a complete examine [sic], he could find no scar on petitioner's penis"; (3) his trial counsel was ineffective because he failed to object to an alleged non-expert, Julie Griffey, who used techniques to reconstruct childhood memories; (4) his trial counsel was ineffective because he failed to object to statements of a prior incident of sexual abuse between Edwards and a thirteen-year-old girl; (5) his trial counsel was ineffective because he failed to present mitigation evidence through witnesses who Edwards claimed would testify favorably on his behalf; and (6) his trial counsel was ineffective because he failed to call witnesses who could have supported Edwards' version of the events—including that A.M.'s mother was manipulative. (Supplement to Pet. for Writ of Habeas Corpus 12, 16, 18-19, 20, 22, 24-25, DN 1-1).

The Magistrate Judge has filed his Report and Recommendation ("R&R") recommending that Edward's habeas corpus petition be denied. (Findings of Fact, Conclusions of Law and Recommendation, DN 16 [hereinafter "R&R"]). The R&R concludes that Arguments Three, Five, Six, and portions of Two should be dismissed for procedural reasons and Arguments One, Four, Seven and the remaining portions of Two should be dismissed on the merits. Edwards has filed his objection to dismissal on the procedural grounds only. (Pet'r's Obj. to R. & R., DN 17 [hereinafter Pet'r's Obj.]). This matter is thus ripe for adjudication.

## II. JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254(a).

### III. STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in party, the findings or recommendations [of] . . . the magistrate judge." *Id.*

The Anti-Terrorism and Effective Death Penalty Act, Pub L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As the Supreme Court has noted, this is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 171 (2011) (internal quotation marks omitted) (internal citation omitted) (citation omitted). All findings of fact by the state court are presumed to be correct and can be rebutted only by clear and convincing evidence. *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). Legal conclusions made by state courts are also given substantial deference under AEDPA. *Stewart v. Wolfenbarger*, 468 F.3d 338, 346 (6th Cir. 2006). The Supreme Court has recently reiterated that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's

decision conflicts with this Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

## IV. DISCUSSION

Under the doctrine of procedural default, "[t]o properly assert a federal claim in a habeas petition, a petitioner must have exhausted state remedies by presenting the claim to the state courts." *Halverson v. Simpson*, No. CIV.A. 08-484-DLB, 2014 WL 5419373, at *25 (E.D. Ky. Oct. 22, 2014) (citing *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009)). "If a petitioner procedurally defaults on a claim in state court, federal courts will deny review of that claim on habeas corpus unless the petitioner can demonstrate 'cause' for the procedural default and actual 'prejudice' resulting from the constitutional error." *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A petition can demonstrate "cause" for a procedural default of a claim of ineffective assistance of trial counsel by establishing ineffective assistance of counsel at initial-review collateral proceedings in a state court. *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012).

The R&R concludes that Edwards' Arguments Three, Five, Six and portions of Two are procedurally defaulted, and thus federal review is barred absent a showing of cause and prejudice. Edwards argues in his only objection to the Magistrate's R&R that these arguments are not procedurally defaulted because of the ineffective assistance of post-conviction and appeals counsel in failing to raise these arguments.

### A. Edwards' arguments are procedurally defaulted.

In order to satisfy the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process." *Hester v. Bottom*, No. CIV.A. 5:12-354-DCR, 2013 WL 4495820, at *10 (E.D. Ky. Aug. 20, 2013) (internal citation omitted). Therefore, a claim is deemed exhausted if the petitioner has been denied relief by the Kentucky Court of Appeals. *Id*. (citation omitted). The R&R concludes that Arguments Three, Five, and Six are all procedurally defaulted for the same reason: Edwards presented these arguments to the Barren Circuit Court in his Post-Conviction Relief RCr 11.42 motion, the court subsequently denied these arguments, and Edwards did not appeal the denial to the Kentucky Court of Appeals. Therefore, Edward's procedurally defaulted on his claims in state court and he cannot now raise these arguments in his habeas petition.

As to portions of Argument Two, the R&R observes that these arguments were not raised in either Petitioner's RCr 11.42 motion or the supplemental motion filed later by his counsel. Thus, because these arguments were never raised at any stage of his post-conviction relief proceedings, the portions of Argument Two are procedurally barred unless there is cause or prejudice shown. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) (holding that claims must be presented to the state court; otherwise, the claims are procedurally defaulted).

    **B.**  **Edwards cannot show "cause" for his procedural default.**

In Edwards' objection he argues that the cause for his procedural default is the ineffective assistance of counsel of his post-conviction and appeals counsel, thus his procedural default should be excused. The U.S. Supreme Court has held that ineffective assistance of post-conviction counsel can amount to "cause" for a procedural default of an ineffective assistance of counsel at trial claim, but has recognized that this is a narrow exception which is limited to counsel at initial-review collateral proceedings only. The Supreme Court explained,

> The holding in this case does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second

6

> or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez*, 132 S. Ct. at 1320 (emphasis added) (internal citations omitted).

The narrow exception of *Martinez* is inapplicable here. Edward's Arguments Three, Five, and Six all contest the failure of his post-conviction counsel to appeal denials of certain issues from the first initial review of his RCr 11.42 motion in Barren Circuit Court. The equitable exception in *Martinez* "does not extend to attorney errors in any proceeding *beyond the first occasion* that the State allows a prisoner to raise a claim of ineffective assistance of counsel at trial . . . ." *Id.* (emphasis added). Moreover, Edwards has pointed to no other evidence to support his contention that he had cause for his procedural default or that he was prejudiced in any way.[1] Therefore, Arguments Three, Five, and Six are procedurally defaulted. *Compare Shane v. Taylor*, No. 3:11-CV-00643, 2013 WL 4054703, at *4 (W.D. Ky. Aug. 12, 2013) ("Here, [petitioner's] sole argument as to cause for his procedural default is predicated on his post-conviction attorney's alleged ineffectiveness on appeal from the denial of his RCr 11.42 motion. Thus, by its very terms, *Martinez* is inapplicable.").

Portions of Argument Two could qualify for the *Martinez* exception, as these arguments address the inadequacy of counsel in failing to raise certain issues in the initial appeal. To overcome the default, a petitioner must show that the underlying ineffective assistance of counsel

---

[1] It should be noted that in Edwards' objection, he relies heavily on an affidavit from the Department of Public Advocacy stating that a supplemental filing in Edwards' RCr 11.42 motion was filed late due to attorney error. (Pet'r's Obj. 2-3). Edwards claims that the Barren Circuit Court denied his RCr "11.42 motion without addressing some of the stated issues as were supplemented by his appointed DPA attorney" due to the late filing that was the fault of his attorney, as stated in the affidavit. (Pet'r's Obj. 2). Contrary to Edwards' contentions, the Barren Circuit Court did review all of the supplemental filing and stated in its order dated April 19, 2011, that Edwards' supplemental motion had been reviewed. (State Ct. R. 134).

claim has merit. *Martinez*, 132 S. Ct. at 1318-19. To prove an ineffective assistance of counsel claim a petitioner must make the required showing of deficient performance and sufficient prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 701 (1984).

Here, Edwards maintains that "[i]t was ineffective for counsel to fail to exploit important discrepancies before the juror's [sic], and also counsels [sic] failure to offer adequate arguments for relevance of the importance of the doctor's testimony that testified that after a complete examine [sic], he could find no scare on petitioner's penis." (Pet'r's Mem. in Supp. 16). Edwards' claims that his trial counsel was ineffective for failing to point out discrepancies to the jury is "conclusory, unclear and lacks any supporting evidence." (R&R 8). In addition, the R&R points out that Edwards' trial counsel did in fact call a witness, Dr. Townsend, to discuss the physical examination of Edwards' penis. (R&R 8). The Court concludes that Edwards' claims for ineffective assistance of counsel must fail because he has offered no proof to show that his trial counsel's performance was deficient or that he was prejudiced by these actions. Thus, because Edwards' underlying ineffective assistance of counsel claim is meritless as to Argument Two, the *Martinez* exception does not apply. *See Jones v. Barnes*, 463 U.S. 745, 750-54 (1983) (there is no constitutional right to have every nonfrivolous issue raised on appeal).

      C.    <u>**The certificate of appealability is denied.**</u>

The Magistrate Judge recommended that a certificate of appealability not be issued. Absent such a certificate, Edwards may not appeal this Court's decision to the Sixth Circuit. *See* 28 U.S.C. § 2253(c)(1)(A).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). The Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000), established a two-prong test that is used to determine when a

certificate of appealability should be issued when a writ of habeas corpus is denied on procedural grounds. *Id*. at 484-85. To satisfy the test, the petitioner must show that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484.

Undoubtedly, a jurist of reason would find that the Court is correct in its procedural ruling as it is clear from the record that Edwards did not raise Arguments Three, Five, Six or part of Two on appeal to the Kentucky Court of Appeals. Additionally, Edwards has not shown that he had cause for the procedural default or that he was prejudiced in anyway. Thus, a jurist of reason would find that his procedural default cannot be excused. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the Court concludes that no certificate of appealability should issue.

## V. CONCLUSION

For the reasons listed above, **IT IS HEREBY ORDERED** as follows:

1. Respondent's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 17) is **OVERRULED**;

2. Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law and Recommendation (DN 16) are **ADOPTED** as and for the opinion of this Court;

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED WITH PREJUDICE**; and

9

    4.    The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

November 9, 2016

cc:    counsel of record
        Petitioner, *pro se*

10